IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **COLLECTOR'S COFFEE INC., aka COLLECTOR'S CAFÉ INC.,** *et al.* <br><br> **Plaintiffs,** <br><br> v. <br><br> **DEBEVOISE & PLIMPTON LLP,** *et al.* <br><br> **Defendants.** | **Civ. Action No. 1:20-cv-02988-RBW** |

### DEFENDANTS' MOTION TO EXTEND DEADLINES FOR 60 DAYS

Defendants Debevoise & Plimpton LLP ("Debevoise"), Andrew J. Ceresney, Dustin Brockner, and Miheer Mhatre ("Defendants"), by their undersigned counsel, respectfully move to extend all deadlines for 60 days, which presently consists of a March 15, 2021 deadline for Defendants to respond to Plaintiffs' complaint. For good cause, Defendants state as follows:

Plaintiffs Collector's Coffee Inc. ("CCI") and Mykalai Kontilai filed this action on October 17, 2020. Dkt. 1. Defendants thereafter waived service of process, Dkt. 5, and their responsive pleading is due on March 15, 2021.

Plaintiffs currently are defendants in a related lawsuit filed by the U.S. Securities and Exchange Commission pending in the U.S. District Court for the Southern District of New York captioned *SEC v. Collector's Coffee Inc. and Mykalai Kontilai*, 19-cv-04355 (S.D.N.Y.) ("*SEC v. CCI*"). The facts and subject matter of the present case overlap with the facts and subject matter at issue in *SEC v. CCI*, including the issue of the production of fabricated documents to the SEC. *Compare SEC v. CCI*, Dkt. 134 (11/4/19), ¶¶ 101-09, 143-45 (SEC alleging in Amended Complaint that "Kontilai fabricated multiple documents" for production to SEC,

1

including "employment agreement, promissory note, and bank statement") *with* Compl., Dkt. 1 (10/17/20), ¶¶ 82-118, 169-70, 180-81, 200, 206, 210 (Kontilai and CCI's allegations on same issue here).[1]

In particular, the court in *SEC v. CCI* issued a Temporary Restraining Order, including an asset freeze, that forbids Kontilai and CCI from "filing . . . any lawsuits" that "impact the property and assets" of either Kontilai or CCI.  *SEC v. CCI*, Dkt. 12, at 5 (5/16/19).  Just last month, the court confirmed that this Order "remains in effect." *Id.*, Dkt. 769, at 2 (1/27/21).  The SEC has asserted that Kontilai and CCI's lawsuit against Debevoise violates this asset freeze, and this issue currently is being litigated in *SEC v. CCI*.  *Id.*, Exhibit ("Ex.") 1, Dkt. 801 (CCI, Kontilai 2/15/21 Ltr. to court); *id.*, Ex. 2, Dkt. 804 (SEC 2/17/21 Ltr. to court); *id.*, Ex. 3, Dkt. 806 (2/18/21 Mem. Endorsement) (Order permitting parties to file motions on issue).

Kontilai and CCI repeatedly have informed the court in *SEC v. CCI*, as well as undersigned counsel, that they would consent to extend deadlines in this case for 60 days.  *Id.*, Dkt. 752, at 2 (1/15/21) (representing to court in *SEC v. CCI* that "the Kontilai plaintiffs . . . consider proposing to Debevoise [] to stipulate to a stay . . . for another 2 months," as "all

---

[1] *SEC v. CCI* and this case are not the only cases involving this subject matter.  Kontilai currently is under two federal criminal indictments concerning this issue.  A six-count indictment in the District of Colorado alleges, among other things, that Kontilai (1) "conspire[d] . . . to corruptly obstruct, influence, and impede an official proceeding," (2) "obstruct[ed] an official proceeding" by "falsifying . . . an employment agreement between himself and Collector's Coffee[] that he knew would be provided to the [SEC]" and by "making false statements to his counsel regarding an employment agreement . . . for the purposes of communicating the false statements to the [SEC]," and (3) "alter[ed] and attempt[ed] to alter a document . . . with the intent to impair its integrity and availability for use in an official proceeding." *United States v. Kontilai*, 20-cr-83-WJM, Dkt. 1 ¶¶ 24, 28, 30, 32, 34 (D. Colo. Mar. 10, 2020).  An 18-count indictment in the District of Nevada alleges, among other things, that Kontilai "caused to be created and produced to the SEC a fake employment agreement" and "fake convertible note and altered bank statement." *United States v. Kontilai*, 20-cr-00109-JAD-DJA, Dkt. 1 ¶¶ 22, 25, 30, 32, 37, 41 (D. Nev. June 3, 2020).

Kontilai has fled the United States, apparently now resides in Russia, and is a fugitive on the FBI's Most Wanted List.  *Mykalai Kontilai*, Wanted by the FBI, https://www.fbi.gov/wanted/wcc/mykalai-kontilai/@@download.pdf (last visited Feb. 22, 2021).

discovery and summary judgment activities" in SEC action may be "over by then"); *id*., Dkt. 801, at 2 (representing to court that Kontilai and CCI will agree to "stipulation for another 2 months" to stay case); Ex. 4 (Plaintiffs' 2/17/21 redline of Debevoise draft joint motion, agreeing to 60-day stay but deleting all explanation of good cause). However, when the undersigned counsel asked Plaintiffs to join in a short, 1½-page motion seeking a 60-day extension of deadlines, Plaintiffs' counsel refused unless Defendants deleted all explanation of the good cause supporting the motion. *See id*., Ex. 4; Ex. 5 (Debevoise 2/18/21 final, proposed 1½-page joint motion); L.R. 7(m) Certification below. Because omitting all explanation of good cause would violate paragraph 11 of this Court's General Order for Civil Cases, this motion follows.

This Court has "broad discretion to stay a proceeding pending the resolution of proceedings in other courts where the other proceedings may affect the scope and necessity for the litigation." *Allina Health Servs. v. Sebelius*, 756 F. Supp. 2d 61, 65 (D.D.C. 2010); *see also, e.g.*, *Peled v. Netanyahu*, 2017 WL 7047931, at *2 n.3 (D.D.C. Oct. 16, 2017) (Walton, J.) (granting stay pending related case); *Baird v. Snowbarger*, No. 1:14-cv-01137-RBW (D.D.C. Dec. 19, 2014) (Walton, J.) (granting joint motion for stay pending related action).

Here, the interests of efficiency, comity, and justice support extending all deadlines for 60 days to allow for the determination of issues in *SEC v. CCI*, including whether Kontilai and CCI's pursuit of this lawsuit violates the asset-freeze order issued against them. Such an extension would allow the court in *SEC v. CCI* to resolve the SEC, Kontilai, and CCI's assertions concerning the effect of that court's TRO and asset freeze on this lawsuit. It also would allow for proceedings in *SEC v. CCI* to develop further so that the parties here have the benefit of any order, findings of fact, or conclusions of law issued by that court. The determination of these issues by the court in *SEC v. CCI* could significantly affect this litigation.

No party has requested an extension of any deadline to date, no party would be prejudiced by the granting of this motion, and granting this motion would not affect any other previously scheduled deadline.

Accordingly, Defendants respectfully request the Court to extend all deadlines for 60 days, which presently consists of one deadline—the date for Defendants to file a responsive pleading to the complaint.  With the extension, Defendants' responsive pleading to the complaint would be due on May 14, 2021.  By filing this motion, Defendants do not waive any, and expressly reserve all, rights, claims, and defenses.

Respectfully submitted,

*/s/ Dane H. Butswinkas*
Dane H. Butswinkas (D.C. Bar No. 425056)
David S. Blatt (D.C. Bar No. 433311)
Williams & Connolly LLP
725 Twelfth St. NW
Washington, DC 20005
Tel: (202) 434-5000
Fax: (202) 434-5029
dbutswinkas@wc.com
dblatt@wc.com

*Attorneys for Defendants*

Dated: February 22, 2021

**<u>Certification Pursuant to Local Rule 7(m)</u>**

Counsel for the parties met and conferred about this motion prior to its filing. In particular, counsel conferred on February 16, 17, 18, 20, and 21 concerning this motion. Defendants informed Plaintiffs' counsel on February 16, 17, 18, and 20 that, given the Court's General Order, Defendants could not agree to file a joint motion without reciting the good cause supporting it. During these communications, Plaintiffs repeatedly agreed to a 60-day extension of deadlines. However, Plaintiffs would not agree to any recitation of good cause in a joint motion, thus necessitating the filing of this motion.

_____/s/_____
David S. Blatt

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **COLLECTOR'S COFFEE INC., aka COLLECTOR'S CAFÉ INC.,** *et al.*<br><br>Plaintiffs,<br><br>v.<br><br>**DEBEVOISE & PLIMPTON LLP,** *et al.*<br><br>Defendants. | Civ. Action No. 1:20-cv-02988-RBW |

### **[PROPOSED] ORDER**

Having considered Defendants' motion to extend all deadlines for 60 days, and for good cause shown, it is hereby

**ORDERED** that all deadlines in this case are extended for 60 days, and that Defendants' responsive pleading to the complaint is due on May 14, 2021.

_____
United States District Judge

**Certificate of Service**

I hereby certify that a true and correct copy of the foregoing Motion and Proposed Order were served on all counsel of record via ECF on this 22nd day of February 2021.

_____/s/_____
Krystal C. Durham